May it please the court, your honors, my name is Duncan Turner. I'm here on behalf of Christy Bowers, who is the plaintiff below and is the appellant here at this level. I know you've read our papers and I think we can narrow the issues down to a few main issues, mostly dealing with two statutes. One is the Washington Privacy Act, RCW 973030, that prohibits the interception or recording of private electronic communications without consent, which is a very broad and protective statute. The other is the Federal Electronic Communications Privacy Act, which has two parts that are relevant here today. One is Title I, which was the old Wire Tap Act, which prohibits the intentional interception of electronic communication. And its sibling is Title II, the Stored Communication Act, a more recent enactment, which prohibits access without authorization of a facility or in a manner that exceeds authorization where a person obtains access to a wire or electronic communication while it's in electronic storage. So you can think of the Wire Tap Act, Title I, as being a prohibition against snatching a moving target out of the air, like you would a telephone call that was in progress. And Title II as being the unauthorized access of a static target, a communication that's been in existence and is in some form of storage. Now, with this context, the two main issues in this case... Are either of those two causes of action in the case at this point? We have appealed the court's denial of a motion for leave to amend. In the case... So one of the causes of action was withdrawn, and then there was a motion for leave to amend, which was denied. That's correct. Now, if we affirm the denial of the motion to amend, shouldn't this case be dismissed? Should supplemental jurisdiction have continued to be exercised since the only thing left in the case is a state law claim? Well, supplemental jurisdiction is within the discretion of the court to maintain it. I know, but generally, I mean, I have to admit that the argument occurred to me reasonably, and I just know I'm more familiar with the Second Circuit's approach to this, and the Second Circuit takes the approach that in a circumstance such as this, that the state case should be dismissed, essentially, that it's an abuse of discretion to... To retain the case? To retain the, if there are no federal, no longer any federal claims, it was an abuse of discretion to have exercised jurisdiction over a purely state law claim, which makes a lot of sense to me. I don't know that that's the law in the Ninth Circuit. I believe I've seen cases where the trial court has dismissed the federal cases, but then as the ancillary jurisdiction statute permits to retain it, and maybe that was the case here where the case had been downstream for about two years, I believe, something like that. But did that answer your question? Yeah. Okay. The two main issues, starting with the WPA claim, is should the court have taken judicial notice that a person accessing confidential e-mail data on a personal computer has made a copy by the inherent function of the computer? And the second... What is your best case that a court should take judicial notice of an empirical fact? Well, it's the Townsend case is the one that... The Washington-Townsend case? Yes, Your Honor. The Washington-Townsend case has a conclusion to it. There's no question. I guess I'm trying to figure out why that conclusion is enough to create a genuine issue of fact in this case. Well, if you look at the history of the Townsend case... So why should the judicial notice of that case, or even consideration of that case, create a genuine issue of fact? Well, I think you have to look at the specific language of Townsend, and you... Well, I looked at the language, but again, we're not talking about the language of Townsend. We're talking about what is Townsend. Townsend is a case where the Washington Supreme Court says certain things. If, in fact, it's anything, it's law. It's not fact. And so, therefore, why should that case make a genuine issue of fact? I believe it is a pronouncement of what the known and unquestionable facts are in this specific case. Well, just a minute. Are you suggesting you could have moved for summary judgment on the Washington case? Using that case here? Yes. I think so. Did you? I wasn't counsel at that time. Did anyone ever? The counsel below asked the court to take judicial notice of the holding of Townsend. And just to flesh this out, if I could take a minute to dwell on Townsend. As you know, the facts in Townsend were that there was a criminal defendant who had tried to arrange an assignation with a 13-year-old, but in reality it was a detective who both by email and by a chat program called ICQ was corresponding with this defendant. And the defendant tried to say later, well, look, this detective has recorded this, and I didn't know he was recording. And since he didn't give me notice that he was recording, then I have a defense against this criminal act. And the majority looked at that and they said, you know, to be available for reading the message must first be recorded on another computer's memory. Townsend had to understand that computers are a message recording device. My worry, counsel, is, and I hate to interrupt you, but it seems to me that the facts and the circumstances of the Washington decision are at best law but not fact. And therefore, in this particular situation, where your client was asked to produce all kinds of information, which could have done exactly what the Washington Supreme Court may have suggested, and maybe even you could have produced an expert who could have produced expert testimony suggesting what you want that Washington decision to do, to make it a genuine issue of fact, was not done. And now what you're asking us to do is say, because there's a Washington case out there, we created a genuine issue of fact. Your Honor, I think the best reflection of what the common body of knowledge is in the state about this is that pronounced by the Supreme Court. I'm not asking that question. It seems to me that we're talking about whether there's summary judgment here. And summary judgment and your issue is that there was a genuine issue of fact. And I guess I'm trying to figure out what's your genuine issue of fact. I can't put a case in to make it a genuine issue of fact. Either put the case in and I get summary judgment or I don't. Well, let me talk a little bit more about what was in the record then. I mean, there was a dispute about whether data that showed these recordings had or had not been submitted to the court. Well, they're in the record in two places. One of them, and they were provided prior to the hearing to the other side. What happened was that there was a previous action in Pierce County where Ms. Bowers tried to get some kind of protective order against Mr. Kletke because he had accessed her data. And she got computer data from Juneau where she had it, and it was in the record there. So these defendants have had in their hands that body of knowledge since 2008. Also in the record are declarations from three persons who are in authority at Mr. Kletke's work. One of those includes an admission by him that he, in fact, did read the emails using the work computer, that he was sorry he had done that, and so forth. Furthermore, there are clear declarations in the record. Well, as I understood the district court, it said there's no evidence that the defendant saved, printed, kept, or recorded in any manner her electronic communication. I'll look for evidence about that. Didn't find it. Unless I have some knowledge, which a dinosaur like me about computers doesn't have, I guess I'm still trying to figure out how do I have a question of fact about whether he was saved, printed, kept, or recorded. Other than taking a Washington Supreme Court case that doesn't give fact, gives law, that you want the district court to somehow say is enough to give a question of fact. And therefore, the district court said, no, there's no fact arising. I'm not taking judicial notice. Well, we're a little bit in loggerheads about this. Wasn't your point that he should have taken judicial notice? They should have taken judicial notice. And see, the Townsend case. I'm sympathetic to your argument about that, but I must say when I first read what he was asked to take judicial notice of, I didn't know what they were talking about. It became a little clearer to me when I read the Washington Supreme Court decision, but I'm not into computers. And I do e-mails, but I don't know how they work. I don't know that the limitations of a select group as to how e-mails work is reflective of the body of knowledge. I think of myself as a judge being asked to take judicial notice, and I would say, well, why don't you show me something that demonstrates what you want me to take judicial notice of? Back in 2002, when Townsend was being heard, Judge Bridge or Justice Bridge was concurring the opinion. She said, this is a simple analysis. Recording is an inherent function of the computer in this context. Even the dissent tried to distinguish the chat function from the e-mail function and said, I'll admit with the e-mail, it's always recorded, and everybody knows that. So it's an indication of what's going on. It's quite the same situation, and you're stuck with the limitations of Townsend. Townsend's talking about it's recorded on the computer of the person to whom the message was sent. Well, that's not the defendants here. What the defendants are charged with doing is having it intruded into your client's computer. That's where the message was sent. That's where it's recorded. Now, it may be as a matter of computer technology that the intruder's computer, the device being used to observe, is also recording it. But Townsend is not talking about that. Well, it is. It's talking about the computer used by the detective who's reading this e-mail. But he's the recipient. Yes, he is. Your client was the recipient. It was recorded on her computer. Townsend doesn't tell us whether, in fact, it's being recorded on the defendant's computer when they break in. Well, I think it does, because in order to read the screen, it's recorded on that computer. Well, Townsend's not talking about that. Townsend's got its limitations. The other issue was whether the court should have granted leave to amend to add the Title II as a substitute, really, for the Title I. And the court there had said, well, there's prejudice. I'm not going to allow it, and went into an analysis. If you look at the original complaint, you compare that to the amended complaint. And, in fact, the attorney there gave the court a red-line comparison. There's some cosmetic changes. The facts don't change. And what's inserted is Title II alongside of Title I. Now, the court's reasoning for the denial was it's a new claim. They specifically said wiretap, but didn't mention electronic storage, and that there was prejudice because expert testimony was needed to determine whether a web-based email account is an electronic storage, as defined by the Act. And we provided Councilman Fraser, Hall, and Pure Power cases to this court for the principle that, no, that's not true. What's the standard of review? The standard of review on a leave to amend is an abuse of discretion. Right. And we consider four factors? Yes. And were the four factors considered by the district court? The district court really talked about two. I don't know whether they did all four, but he just talked about two. I read pretty carefully. I thought he conducted that pretty well about all four. I mean, what we have in this case is a situation where a plaintiff sues somebody. The defendant asks them to produce information. They never produce. They never get it done. They never do it until we get new counsel. We don't get any cooperation, such that the district court's pretty mad about the whole deal. And then after all of that, and we get new counsel for five months, then they want to amend the complaint. On that basis, I'm to say the old D.J. abused his discretion in failing to allow the amendment? I think so, and I'll tell you why. There were no new facts that were brought forth. They had already said that the Electronic Communications Privacy Act had been violated. It was clear from the allegation that they had gone to existing e-mails, so it wasn't a snatching of the communication out of the air. They had had the experience in 2008, where in that proceeding, the entire log from Juneau was produced. They've never said they haven't done it. There's a declaration from the defendant's employer where he admitted doing it. So with all of these factors before the court, I don't see how you can say that they're being prejudiced factually, knowing what they know. Certainly to the point of having it dismissed. So I think that there was either no prejudice or certainly insufficient prejudice not to let the case proceed. And I probably am out of time. You're in deficit. So I'll have to stop. Thank you. Thank you for the argument. We'll hear from Apolli. Thanks for letting me be here today. Can you formally introduce yourself for the record, please? I'm sorry. My name is Robin Kletke. I'm one of the defendants, cross appellants. Again, thank you for letting me be here today. This was kind of unexpected. We do think that the record and the briefs very clearly state what this case is about. But there are a couple of things that we'd like to emphasize, both of which look to the court for clarification. We think the plaintiff and her attorneys did get it wrong as far as the leave to amend. Foment factors, as they're categorizing them, are a weighing issue, kind of like a dismissal and discovery or something. Foment factors, as my understanding, is not weighing. It's not a best two out of three or three out of four. If it's there, that allows and gives the district court the jurisdiction and the ability to use their discretion. Judge Martinez clearly did that. The plaintiff's complaint was also very simple. She very clearly pled wiretap acts, wiretaps for state and federal. We don't know why, but she certainly could have pled something else. Again, we don't know why she did, but then to wait so long to bring that back in is against several cases, at least that I have found, doing a Google search from the Ninth Circuit Court. And again, I think the court has already addressed a bunch of that. The mere fact that no new facts were delivered after 18 months of discovery, there's no justification given by the plaintiff as to why that wasn't pled the first time. And we certainly were surprised as defendants when we saw that come in after a settlement conference. As far as summary judgment goes, I think the court has certainly hit upon the point that we wanted to make, which is that there wasn't any evidence produced here. We have been asking the plaintiff for, even before this case started, for the evidence that she was alleging, the 139 emails that they specifically put in their complaint. We asked for them. They should have been initial disclosures. We asked for them in interrogatories. We got no response. The only responses that we finally did get back in March of 2010 were from her attorney that said, we can't possibly produce those, can't identify them. Without those emails, there's no way to prove privacy. There's no way to prove any of the things. And basically, it stalls the defense. Throughout the entire proceedings, the plaintiff has continued to use her conclusions and allegations without any evidence. And this is the same stuff she's been using from day one. She tries to use it again here in this court. Regarding our cross-appeal, I really don't know what to say there. Our appeal is in the briefs. There's not much more that I can add other than to think that we were a bit taken aback when the trial court specifically said, if they don't produce the evidence, I will dismiss this case. When the evidence wasn't produced in a subsequent order in March of 2010, we were shocked that the case had not been dismissed. We feel that that's an abuse of discretion, but I'm not a lawyer. I really don't know why that would be. It kind of seems like a jury instructions maybe, but again. And the rest of our cross-appeal is essentially to be there so that if there was something that went forward from here, we would have some measure of ability to say we objected to certain things. Again, that was more of a thing for us to try and protect our interests moving forward. There's one thing I'd like to ask you about. Focusing on the evidence that was before the court in the summary judgment motion, the problem here appears to be that the statute prohibits recording and the plaintiff is trying to figure out a way, not having affirmative evidence of recording, but having evidence of intrusion to say, well, they amount to the same thing because of the way the computer works. I want to flip it around to the other side. Did you submit affirmative evidence that there was not recording? No. So right now the court has in front of it for summary judgment purposes evidence of intrusion. Correct. Not evidence either way in the subject of whether the intruder had recorded. Is that correct? That's my understanding, yes. The only thing that I would add to that is in reading some other case law in the Ninth Circuit, the plaintiff has attempted to use judicial notice several times in her defense of summary judgment and again in this argument for appeal. There was a case that I found that the Ninth Circuit has clearly stated that using judicial notice is not within the Ninth Circuit rules. Specific evidence must be presented in order to defeat a summary judgment motion. Our motion for summary judgment was very specific in saying that there was no evidence presented and in response to that summary judgment, the plaintiff did not present any evidence. They said 139 emails originally. All they had to do was show one. It wasn't there. There was no recording. There was no interceptions. They want to equate if you view an email that it's equivalent to recording, yet they still haven't even shown anything that was viewed. Part of the other thing for the privacy statutes is there is a privacy requirement that the communications be private. Without having the content, that determination can't be made either. So it's a continual thing that we have had from the very beginning of the case, show me the evidence, and they don't. And we've been going on that for almost two years. And unless the Court has any other questions. Appears not. Thank you for your argument. I just want to say thank you. You're welcome. I don't think we have any time remaining for rebuttal. So in that case, the case just argued is submitted.
judges: Clifton, Nr Smith, Cjj Korman (Edny), Dj